451 P.2d 600

**STATE of Arizona ex rel. Robert K. COR- BIN, County Attorney of Maricopa County, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARI- COPA; Thomas Tang, a Judge thereof, Juvenile Division; Donald Gene MITCH- ELL, Anthony Ray Mitchell, and Ray Anthony Jones, real parties in interest, Re- spondents.**

No. 9444.

Supreme Court of Arizona.
In Banc.
March 12, 1969.

———◆———

Moise E. Berger, Maricopa County Atty., Robert K. Corbin, Former Maricopa County Atty., Larry L. Debus, Deputy County Atty., Phoenix, for petitioner.

Vernon B. Croaff, Public Defender, Anne Kappes, Deputy Public Defender, Phoenix, for real parties in interest.

Sullivan & Mahoney, by William P. Mahoney, Jr., Phoenix, for the Honorable Thomas Tang, individually and as Judge of the Juvenile Division of the Maricopa County Superior Court.

Jack J. Rappeport, Tucson, for Amicus Curiae, George E. Dix, Jack J. Rappeport, and The National Council of Juvenile Court Judges.

Amelia D. Lewis, Sun City, for Amicus Curiae, Arizona Civil Liberties Union.

LOCKWOOD, Vice Chief Justice:

On April 15, 1968, petitions were filed in the Juvenile Division of the Maricopa County Superior Court asking that Ray Anthony Jones, Anthony Ray Mitchell, and Donald Gene Mitchell be adjudged delinquent. The petitions were identical and alleged that on or about April 8, 1968, the three boys murdered one Frank Blair, and on or about April 9, 1968, they stole a 1963 Chevrolet.

A hearing on these petitions was held on May 20, 1968. Evidence was introduced concerning both the car theft and the homicide. In regard to the latter charge the state called one Patricia Hendrix. Miss Hendrix, who purportedly witnessed the killing of Frank Blair, did not appear when called by the prosecutor. (She had been served with a summons at approximately 2:00 p. m. on the date of the hearing.) After a forty-five minute recess, the state sought to have the case continued for the purpose of producing Miss Hendrix. This motion was denied. The defendants then successfully moved that the homicide charge be dismissed for lack of evidence. In regard to the auto theft the Court adjudged that the three boys were delinquent.

On June 13, 1968, the Court held a hearing to determine the disposition of these delinquent boys. Although the murder charge had been dismissed at the prior hearing, the Court nevertheless felt it necessary for dispositional purposes to hear further evidence concerning any involvement of the boys in the death of Frank Blair. In this regard the Court stated:

"I'm satisfied that the evidence shows that these boys didn't choke that man to death which is what the doctor said, the way the man died * * * but if these boys were involved in attacking the man then I want to know about that so I can properly dispose of this case, and if these boys had nothing to do with that I want to know that too."

The Court then continued the matter until August 5, 1968, in order to allow more evidence to be presented in regard to the homicide.

On June 25, 1968, the state filed supplemental petitions alleging that the three boys were delinquent in that they had murdered Frank Blair. On July 3, 1968, the Court granted a motion to quash these supplemental petitions on the grounds that they constituted double jeopardy. This ruling forms the basis for the state's petition for a writ of certiorari which was issued by this Court on November 20, 1968.

Basically the state contends that a child who is before the Juvenile Court on a petition alleging delinquency, and is subsequently released, may again be brought before the Court on a petition alleging the same acts without being placed twice in jeopardy. In short, the state argues that the proscription of double jeopardy found in both the United States and Arizona Constitutions is not applicable to juvenile proceedings. Under the special facts in the instant case we need not reach this constitutional question.

At the above-mentioned hearing on August 5, 1968, pursuant to the Court's frequently expressed desire to "get to the bottom of this", the state placed Patricia Hendrix on the stand. Miss Hendrix, who had allegedly witnessed the slaying of Frank Blair, then proceeded to deny any knowledge of the circumstances surrounding the crime. The prosecutor attempted to impeach her by reading portions of her prior statement to the police into the record, but

she steadfastly repudiated these statements. No other witnesses were presented by the state. Such evidence is clearly insufficient to support the state's allegation that the three boys murdered Frank Blair.

Therefore, whatever the merits of the state's constitutional arguments concerning double jeopardy, the fact is that the court's dismissal of the supplemental petitions of June 25, 1968, in no way prejudiced the state. Their star witness, Miss Hendrix, when finally placed on the stand gave no testimony which would support the state's version of Blair's death. If the Court had not quashed the state's supplemental petitions in June, there could have been no different determination of the charge since the state was unable to prove murder when it had the opportunity. Therefore, if the Court did indeed err in quashing the supplemental petitions, such error must be viewed as harmless. See State v. Brown, 97 Ariz. 310, 400 P.2d 111 (1965); State v. Polan, 78 Ariz. 253, 278 P.2d 432 (1954).

The order dismissing the supplemental petitions is affirmed.

UDALL, C. J., and STRUCKMEYER, McFARLAND and HAYS, JJ., concur.